■ ZEGEYE BELACHEW et al., Respondents-Cross-Respondents, v HAILE W. MICHAEL, Appellant, et al., Defendants, and TRUMBULL CORPORATION, Cross-Appellant. — Order, Supreme Court, New York County (Okin, J.), entered May 24, 1982 denying defendant Michael's motion (joined in by defendant Trumbull) on renewal to dismiss the action on the ground of *forum non conveniens,* is unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs, and the motion for renewal and to dismiss as against defendants Michael and Trumbull is granted on condition that each such defendant, respectively, within 30 days after the service of a copy of this court's order file with the Clerk of the Supreme Court, New York County, and serve on plaintiffs' attorneys a stipulation agreeing not to contest the jurisdiction over said defendants in the Allegheny County Court of Common Pleas of Pennsylvania in the action now pending in such court, and not to interpose against plaintiffs in said action the defense of the Statute of Limitations, except to the extent that the Statute of Limitations may have run in both New York and Pennsylvania at the time of the institution of the first action by plaintiffs in either jurisdiction against said defendants; and said action further is dismissed on the ground of *forum non conveniens* against defendant Eggleston upon his filing a similar stipulation within such time. This action arises out of an automobile accident involving two cars that took place on a claimed defective roadway at a construction site in Pennsylvania. The accident has already given rise to four lawsuits: Action No. 1, the present lawsuit in New York by plaintiffs, passengers in one of the cars, against defendant Michael, the driver of that car, defendant Bucher, the owner of that car, and defendant Eggleston, the driver of the other car; Action No. 2, an action by Eggleston against Michael in the United States District Court for the Western District of Pennsylvania; Action No. 3, an action by these plaintiffs in the Allegheny County Court of Common Pleas of Pennsylvania against defendant Trumbull, the contractor on the construction site, and the Department of Transportation, Commonwealth of Pennsylvania; Action No. 4, an action in New York by these plaintiffs against defendant Trumbull. Action No. 2 has been settled. And since the entry of the order appealed from, Actions Nos. 1 and 4 have been consolidated. There are now two actions pending, both by plaintiffs, one in

New York and one in Pennsylvania. The accident, as we have said, took place in Pennsylvania; one plaintiff spent eight days in a hospital in Pennsylvania, and the other plaintiff spent over two months in a hospital in Pennsylvania and two days in a hospital in New York. Plaintiffs are residents of New York, as is defendant Eggleston. Defendant Michael is a resident of Massachusetts. Defendant Trumbull is a Pennsylvania corporation, doing business in Pennsylvania, though qualified to do business in New York. Defendant Bucher is a resident of Pennsylvania. The Department of Transportation is of course a department of the Commonwealth of Pennsylvania. At the present time, all the persons we have named, except Bucher and the Pennsylvania Department of Transportation, are parties to and have been served in the consolidated New York action. Defendant Bucher, though named in the New York action, has not been served nor has he appeared, nor does it appear likely that he can be involuntarily made a party to the New York action. The Pennsylvania Department of Transportation is of course not a party to the New York action. In the Pennsylvania action, Trumbull, the Pennsylvania Department of Transportation and defendant Michael are parties. Bucher being a resident of Pennsylvania can of course be made a party; and as the accident happened in Pennsylvania, Eggleston can be made a party. Cross claims are asserted by various parties, including claims over against the Pennsylvania Department of Transportation. There is no reason why there should be more than one lawsuit arising out of this accident. It is clear that the Allegheny County Court of Common Pleas of Pennsylvania either has or can acquire jurisdiction over all parties and can render complete relief to all the parties. Because of the unavailability of the Pennsylvania Department of Transportation and Bucher, the New York court cannot render complete relief to all the parties. Accordingly, we think the action should proceed in Pennsylvania. This is what defendants Michael and Trumbull have asked. Defendant Eggleston has opposed the motion. As we cannot require him to enter into the customary stipulation (on the grant of *forum non conveniens* motions) as to Statute of Limitations, we give him the option to have the action dismissed in New York on his filing the appropriate stipulation. In any event, as the accident took place in Pennsylvania, plaintiffs can make him a party there, if they wish. Concur — Kupferman, J. P., Sandler, Silverman, Lynch and Milonas, JJ.